[No. 30557. Department One. November 26, 1948.]

WILLIAM C. DAHL, *Plaintiff*, v. EVERETT W. STROMBERG, *Defendant*, CHARLES EVANS, *Appellant*, GEORGE BENNETT, *Respondent.*[1]

[1]Reported in 200 P. (2d) 495.

Marvin Mohl (*Lawrence Seltzer*, of counsel), for appellant.

L. N. *Ostrander*, for respondent.

HILL, J.—On September 5, 1946, George Bennett orally leased property known as the Valley Garage, located in Fall City, to Everett W. Stromberg, at a rental of fifty dollars a month. The leased property is immediately in front of Bennett's home in Fall City and, in his own words, is in his "front yard." At the time the lease arrangement was made, Bennett agreed to sell and Stromberg agreed to buy the stock of tools and equipment then on the premises for seventeen hundred fifty dollars. This latter transaction was evidenced by a conditional contract of sale which was signed by the parties and was acknowledged but not recorded. An initial payment of fifty dollars was made on the tools and equipment, and a note was taken for the balance.

Stromberg made no further payments, either by way of rental for the premises or on the contract of sale of the personalty, and in December the parties decided the contract of sale should be terminated. Accordingly, a bill of sale for the tools and equipment was made out on December 20, 1946, from Stromberg to Bennett. The bill of sale was witnessed but not recorded. It was delivered and received for the purpose of terminating all rights and liabilities of the parties created by the conditional sales contract; the parties agreed that the fifty-dollar down payment should be applied on the rent for the garage premises; and Bennett destroyed the note. The tools and equipment remained in the garage, where Stromberg continued to use them in his business.

In March or April of 1947, William C. Dahl entered into a

business association with Stromberg. Dahl testified that he understood that the tools and equipment were the unencumbered property of Stromberg and were a part of the business into which he was buying. The association proved unsatisfactory; Dahl brought receivership proceedings, and Charles Evans, the appellant, was named as receiver. Bennett intervened in the receivership and claimed the tools and equipment as his own.

The trial court was called upon to decide the issue of the right to possession of the tools and equipment as between Bennett and the receiver. Its decision was that Stromberg and Bennett had effectually terminated the conditional sales contract of September 5th by the subsequent bill of sale of December 20th. It further found that, since Stromberg had no property interest in the tools and equipment at the time Stromberg and Dahl entered into their business relationship, the property belonged to Bennett. The receiver has appealed from this decision.

The appellant's first contention is that the conditional contract of sale, being unrecorded, had the effect of an absolute sale to Dahl, a bona fide purchaser. Our conditional sales recording statute, Rem. Rev. Stat. (Sup.), § 3790 [P.P.C. § 187-1], provides that conditional sales of personal property shall be absolute as to all bona fide purchasers unless, within ten days after the taking of possession by the vendee, a memorandum of such sale is filed in the county auditor's office.

We agree with the trial court that Bennett and Stromberg could and did abandon their conditional sales agreement. That was accomplished before Dahl had any dealings with Stromberg. Had there been a redelivery of possession by Stromberg to Bennett at the time of the abandonment of the conditional sales contract and then a return of the tools and equipment by Bennett to Stromberg for his use in the operation of the garage, there could be no question but that Stromberg was the bailee thereof and would have no interest therein which he could transfer to Dahl.

Appellant contends that, because Stromberg retained the physical possession which he had originally assumed

under the conditional sales contract, Rem. Rev. Stat. (Sup.), § 3790, applies. With this we cannot agree. The fact that there was no physical transfer of possession by Stromberg to Bennett and by Bennett to Stromberg can avail the appellant nothing. The fact still is that Stromberg was in possession of Bennett's property as a bailee; and Dahl was not deceived by the abandoned conditional sales contract, because he knew nothing about it.

■ Rem. Rev. Stat. (Sup.), § 3790, the statute relied upon, reads, "That all conditional sales . . . shall be absolute as to all subsequent *bona fide* purchasers . . ." It is not the right to possession that becomes absolute when the conditional sales contract is not filed for record; it is the conditional sale that becomes absolute. In the present case, there was no conditional sale that could· become absolute when Stromberg purported to sell Dahl an interest in the tools and equipment, because that conditional sale had been abandoned more than three months earlier.

■ Appellant next urges that the bill of sale used to evidence the abandonment of the conditional sales contract made Stromberg the seller and brings this case within the sales act, Rem. Rev. Stat., § 5836-25 [P.P.C. § 859-17], which reads as follows:

"Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, the delivery or transfer by that person, or by an agent acting for him, of the goods or documents of title under any sale, pledge, or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same."

The section of the statute relied upon applies "Where a person having sold goods continues in possession of the goods. . . ." Stromberg was not a person "having sold goods," because he had no goods to sell. He never had more than a fifty-dollar interest in goods worth, presumably, seventeen hundred fifty dollars, under a conditional sales contract, the abandonment of which was evidenced by the

bill of sale. Such a bill of sale cannot create a title or interest which the seller does not have. The document in question adds nothing to or subtracts nothing from the rights acquired by Dahl when Stromberg purported to sell him an interest in the tools and equipment.

■ We now come to appellant's final contention, that, where one of two innocent persons must suffer a loss, it should be borne by the person whose conduct brought about the situation which made the loss possible.

There was no conduct by Bennett, other than the fact that he permitted Stromberg to have possession of and use his tools and equipment, that misled Dahl or induced him to purchase an interest therein from Stromberg. Much emphasis is placed upon the fact that Dahl examined the records and found no evidence that Bennett had any interest in the property. It may also be said that he found no evidence that Stromberg had any interest in the property. Dahl does not claim that Stromberg had any documents evidencing title, or that he, Dahl, made any inquiries of Bennett prior to closing his deal with Stromberg.

It has been held times without number that the owner of a chattel is not estopped to assert title to it by permitting another to use it in his business. See cases collected in note in 7 A. L. R. 676. A statement in *Cox v. Mc-Guire*, 26 Ill. App. 315, is peculiarly appropriate, and we quote:

"We are also referred to the effect upon the owner's rights of his clothing another with the *indicia* of ownership, and to the rule by which it is determined which of two innocent parties must suffer. If the law referred to applied to cases like this it would soon put an end to lending and all other forms of bailment."

The judgment of the trial court is affirmed.

MALLERY, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.