[No. 36007.   Department One.   September 20, 1962.]

JOANNE KOZAK, *Respondent*, v. FAIRWAY FINANCE—SEATTLE, INC., *Appellant.**

*Floyd F. Fulle,* for appellant.

*Culp, Dwyer & Guterson,* by *Murray B. Guterson,* for respondent.

FINLEY, C. J.—This action was commenced to recover possession of an automobile or the value thereof. The trial

*Reported in 374 P. (2d) 1011.

court allowed recovery by the plaintiff and awarded a judgment for $1,215 plus interest and costs. The defendant has appealed.

The facts and events leading to this review are as follows:

Respondent owned a 1955 Mercury station wagon, in her separate capacity, which she desired to sell. She entered into a consignment and sales agreement with one Robert Stubblefield, and delivered possession of the automobile to him for the purpose of facilitating a sale. Stubblefield was then doing business as a car dealer under the banner of National Car Liquidators. At that time, respondent did not possess a certificate of ownership to the automobile and believed it was lost. She did possess a registration certificate. Stubblefield advised respondent that he would obtain a duplicate certificate for her from the Department of Licenses if she would sign a power of attorney giving him authority to do so. Respondent gave a power of attorney to Stubblefield, who thereafter arranged for the issuance of a duplicate certificate of ownership. The duplicate certificate indicated that the registered owner was Joanne Lockwood (the former name of respondent). Joanne Lockwood's address was listed as "c/o National Car Liquidators, 9827 17th Southwest, Seattle" (Stubblefield's business address). On the reverse side of the duplicate certificate, in the space designated for the signature of the registered owner upon release of ownership, the words "Evidence of Release on File — Dept. of Licenses" were affixed with a rubber stamp followed by the signature of a license department employee. The face of the duplicate certificate reflected October 5, 1959, as the date of issue. The date of October 6, 1959, was stamped on the back of the duplicate certificate adjacent to the license department employee's signature.

After obtaining the certificate, Stubblefield went to appellant to negotiate a loan. Appellant knew that Stubblefield was in the business of selling automobiles and had done business with him previously on a number of occasions, over a period of two years. Stubblefield told appellant's representative that he *owned* the automobile which

had been entrusted to him for purposes of sale by the respondent. As indicia of ownership of the automobile, Stubblefield had (1) possession, and (2) a newly issued duplicate certificate of ownership issued in the name of Joanne Lockwood with the words "Evidence of Release on File" stamped on the back. Appellant loaned Stubblefield $800 on the strength of this evidence of ownership and took in return a note secured by a purported chattel mortgage on the auto in question. Subsequently, Stubblefield died. No part of the principal of appellant's loan to Stubblefield had been paid. Upon notice of Stubblefield's death, appellant took possession of the automobile and refused to accede to respondent's demand for its return. Thereafter this action was brought.

For the purposes of this decision we will assume that the mortgage given by Stubblefield to appellant as security for the note was properly executed.

Appellant contends that it acted reasonably when it executed a loan to Stubblefield on the strength of the indicia of ownership exhibited by him. Appellant argues that respondent should be estopped from claiming an interest in the automobile superior to appellant's interest as mortgagee, and thus that respondent should bear the loss occasioned by Stubblefield's unauthorized conduct.

The pertinent portion of RCW 46.12.100, the statute relating to transfer of automobile certificates of title, reads as follows:

"In the event of the sale or other transfer to a new registered owner of any vehicle for which a certificate of ownership and a certificate of license registration have been issued, the registered and legal owners shall endorse upon the back of the certificate of ownership an assignment thereof in form printed thereon, and shall record thereon name of purchaser and date of transaction and shall deliver the same to the purchaser or transferee at the time of the delivery to him of the vehicle. . . ."

The statute pertaining to issuance of duplicate certificates of ownership is found in RCW 46.12.180, where it is stated:

"In the event that a certificate of ownership or certificate of license registration is lost, mutilated, or has become

illegible, the holder shall immediately file with the director an application for the issuance of a duplicate, the application to be on a form prescribed and furnished by the director, accompanied by a fee of one dollar. Upon receipt of such application and fee, the director shall issue a duplicate of the certificate if its loss or mutilation is established by satisfactory proof."

 If it could be said that as a matter of law the stamped words "Evidence of Release on File" are equivalent to the registered owner's signature as evidence of transfer of ownership or other interest, the appellant's position would be strengthened considerably. But this interpretation is precluded by the explicit requirements of RCW 46.12.100, and the lack of any provision in RCW chapter 46.12 authorizing the procedure utilized by the Department of Licenses in this case in lieu of the owner's signature. The fact of issuance of a duplicate certificate, standing alone, is, of course, not indicative of a transfer of interest.

The duplicate certificate exhibited by Stubblefield to appellant did not bear Joanne Lockwood's signature although she was designated as the registered owner on the face of the certificate, nor was the appropriate blank filled in relating to the designated transferee or purchaser. Thus, the statutory provisions relating to the transfer of certificates of ownership were not satisfied. An administrative act, *i.e.*, the stamp affixed by an employee of the Department of Licenses, is not a legally sufficient substitute for the explicit statutory requirements of RCW 46.12.100.

The crucial aspect of appellant's contention thus evolves around the question whether appellant acted reasonably in assuming that the stamped words on the duplicate certificate, along with other circumstances of the case, revealed evidence sufficient to indicate that Joanne Lockwood had transferred her interest in the automobile to Stubblefield. We should note at this point that the manner in which the indicia of ownership were acquired by Stubblefield is irrelevant to the question of whether appellant acted reasonably. The fact that the power of attorney

given by respondent enabled Stubblefield to acquire the duplicate certificate was unknown to appellant and was not a factor motivating appellant's actions. Appellant's own witnesses so testified.

■ Whether appellant acted reasonably under the circumstances is, in the final analysis, a factual question. The trial court, sitting as the trier of fact, found that the discrepancy in dates on the face and back of the duplicate certificate, and the use of Joanne Lockwood's name in conjunction with Stubblefield's business address, as well as the ambiguity inherent in the stamped words, should have put appellant on notice to inquire further concerning the authority of Stubblefield to deal with the automobile as his own. We cannot say that the trial court's finding in this regard is erroneous as a matter of law.

■ In the face of the trial court's finding, which is in effect that appellant did not act reasonably under the circumstances, appellant's estoppel argument is unavailing. That argument is pertinent where a situation is presented involving two innocent parties and the court is called upon to determine which must bear a loss. *E.g., Hutson v. Walker*, 37 Wn. (2d) 12, 221 P. (2d) 506 (1950), *reversed on other grounds* in *Richardson v. Seattle-First Nat. Bank*, 38 Wn. (2d) 314, 229 P. (2d) 341 (1951). Appellant must, at a minimum, make a showing of blamelessness or reasonable conduct under the circumstances or it is without standing to assert estoppel as a defense. See Annotation, 18 A. L. R. (2d) 813 (1951), especially pp. 833-836. On the facts in the instant case, appellant has not met the required standard of conduct.

The decision of the trial court is affirmed.[1]

DONWORTH, WEAVER, ROSELLINI, and HAMILTON, JJ., concur.

---

November 1, 1962. Petition for rehearing denied.

---

[1] In fairness to the trial court, one further comment should be made. As its primary ground for determining that respondent should prevail,

*Reported in 374 P. (2d) 575.

the trial court emphasized that the chattel mortgage executed by Stub-
blefield to appellant was without force and effect because the accom-
panying affidavit of good faith did not satisfy the requirements of
RCW 61.04.020. While we have elected to place this decision on an
alternative ground advanced by counsel on the basis of the trial court's
findings, we do not thereby indicate disapproval of the trial court's
reasoning or of the statements reflected in the trial court's oral opinion.