[No. 42483.   En Banc.   February 1, 1973.]

CLARENCE STOHR, *Respondent*, v. ART RANDLE, *Appellant*.

*Charles R. Johnson* (of *Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hern & Johnson*), for appellant.

*Donald P. Vincent*, for respondent.

FINLEY, J.—The defendant-appellant, Art Randle, d/b/a Art Randle Motor Co., is appealing from a judgment of the Pierce County Superior Court which awarded $6,000 to the respondent, Clarence Stohr, in a tort action for conversion of an automobile owned by the respondent.

The facts of this case can be briefly summarized as follows: In August of 1969, Clarence Stohr purchased a new Cadillac, Coup DeVille sedan, and signed the certificate of title to the vehicle in the place and in the manner prescribed for the sale of the automobile. Apparently this was to allow his son to take immediate possession of the car in the event of Mr. Stohr's death. Also, the certificate of title was placed in the glove compartment of the Cadillac and the keys to the car were left in the general vicinity where the Cadillac was garaged. On September 25, 1969, the automobile, then valued at $6,000, was stolen. It then came into

the possession of the third-party defendant-appellants Rey and Schlonbusch who sold the automobile on September 26, 1969, to appellant Art Randle for $4,800. Mr. Stohr, upon discovery of the theft of his automobile, demanded its return or payment of its value. Appellant Randle refused, and proceeded to resell the automobile. Mr. Stohr then commenced this lawsuit. The trial court rendered judgment in his favor in the amount of $6,000 against Art Randle, and in the amount of $6,000 in favor of Art Randle against the third-party defendants, Rey and Schlonbusch. This decision was based upon the trial court's conclusion that the automobile had remained the property of Mr. Stohr; that no title had ever passed to either Art Randle or third-party defendants Rey and Schlonbusch. In this regard, the trial court concluded that the acts of Mr. Stohr, in signing the certificate of title as seller and in leaving the keys to the car in the vicinity of said vehicle, did not estop him from claiming title to the Cadillac.

The sole contention of appellant Randle in this appeal is that the above-described actions of respondent Stohr made the theft of the automobile a relatively easy matter and constituted sufficient negligence to estop Mr. Stohr from later claiming title to the vehicle. In regard to this contention, the appellant relies upon the doctrine of comparative innocence, *i.e.*, as between two innocent parties before the court, the loss should fall upon the respondent as the party who rendered the loss possible. We do not agree.

The doctrine of comparative innocence was succinctly set out by this court in *Ketner Bros. v. Nichols,* 52 Wn.2d 353, 356, 324 P.2d 1093 (1958):

> [W]here one of two equally innocent persons must suffer, that one whose act or neglect made the fraudulent act possible must bear the loss occasioned thereby. This maxim is applied where two parties make claim to the same property, the conflict in claims having arisen as a result of the fraud of a third party.

Before either of the two parties will be estopped from claiming title to the property, it must be clear from the

evidence that the "act or neglect" of that party was voluntary. In *Linn v. Reid,* 114 Wash. 609, 611, 196 P. 13 (1921), we stated the following:

> The basis of protection to the *bona fide* purchaser, in cases such as the present one, is the *voluntary act* of the original vendor in parting with both the title to and possession of the property. Unless this difference in the manner in which property is acquired from its lawful owner is kept in mind—that is, whether by *trespass,* or by the *voluntary act* of the lawful owner—a misunderstanding of the well-reasoned cases may follow.

(Italics ours.) *Accord, Dahl v. Stromberg,* 31 Wn.2d 884, 200 P.2d 495 (1948); *Frye & Co. v. Boltman,* 182 Wash. 447, 47 P.2d 839 (1935); *Koppler v. Bugge,* 168 Wash. 182, 11 P.2d 236 (1932). The distinction made in *Linn* between a *loss caused by trespass* and a loss resulting from an affirmative voluntary act of the original owner is particularly applicable to the facts of the present case. In *Linn v. Reid, supra* at 611, this court characterized the nature of the transfer of ownership in an automobile where theft was not involved as follows:

> There was no element of trespass on the part of the two persons in getting the Maxwell car. It was voluntarily surrendered by the respondent who parted with possession of it with intent to pass title to the wrongdoers, thus giving to them all the *indicia* of ownership and the apparent right of disposal. Under such circumstances, in the absence of a statutory rule to the contrary, a *bona fide* purchaser from the vendee will be protected.

In the present case, however, Mr. Stohr did not voluntarily surrender the automobile to third persons, nor did he part with possession of it with intent to pass title to the wrongdoers. Rather, the record clearly establishes a trespass and the theft of the automobile by an unknown third party. Between the two parties, Stohr and Randle, it is apparent that the only one who dealt with questionable third parties was the appellant, Mr. Randle. It was he who negotiated the purchase of the Cadillac from a party whom he had never seen before, for an amount almost $3,000 under the

original sale price and $1,200 under market value at the time, and when the Cadillac was only 1 month old, in apparently perfect condition, having been driven only 800 miles. Despite these suspicious circumstances, appellant Randle suggests that he had no reason to suspect that the car was stolen or that he could not trust the stranger with whom he dealt. Even granting this suggestion, however, the United States Supreme Court has held that "the principles which underlie equitable estoppel place the loss upon him whose misplaced confidence has made the wrong possible." *National Safe Deposit, Sav. & Trust Co. v. Hibbs*, 229 U.S. 391, 397, 57 L. Ed. 1241, 33 S. Ct. 818 (1913). *Accord,* *Zoratti v. West Coast Fin. Co.*, 162 Wash. 97, 297 P. 1078 (1931); *Doucette v. Old Nat'l Bank & Union Trust Co.*, 161 Wash. 159, 296 P. 570 (1931).

Under the circumstances herein, appellant Randle's misplaced confidence in the transferor places him in a dubious and more blameworthy position than Mr. Stohr, especially in light of the apparent duty of used or other car dealers to ensure the validity of such a transfer.[1] Consequently, the rule laid down by this court in *Kozak v. Fairway Fin. —Seattle, Inc.*, 60 Wn.2d 500, 504, 374 P.2d 1011 (1962) is applicable:

> [A]ppellant's estoppel argument is unavailing. That argument is pertinent where a situation is presented involving two innocent parties and the court is called upon to determine which must bear a loss. . . . Appellant

---

[1]Considering the serious consequences to a car dealer which may follow from participating in a fraudulent transfer of a motor vehicle or from not maintaining complete records of all transfers, it is evident that car dealers must take serious precautions in effecting any transfer of title. RCW 46.70.101(2) permits the Director of the Department of Motor Vehicles to deny, suspend, or revoke the license of any motor vehicle dealer where he finds that such dealer has suffered any judgment in any civil action involving conversion (as is the case here). RCW 46.70.101(7) provides for the same sanction where a dealer has purchased, sold, or disposed of a motor vehicle which he has reason to know has been stolen or appropriated without consent of the owner. RCW 46.70.120 and 46.70.180(6) pertain to the duty of a motor vehicle dealer to maintain complete records of all transactions, including such details as the names and addresses of previous registered owners.

must, at a minimum, make a showing of blamelessness or reasonable conduct under the circumstances or it is without standing to assert estoppel as a defense.

(Citations omitted.) *Accord, West Coast Airlines, Inc. v. Miner's Aircraft & Engine Serv., Inc.*, 66 Wn.2d 513, 403 P.2d 833 (1965). Considering the fact that Mr. Stohr did not voluntarily transfer possession of the Cadillac to the trespassing thieves, as well as the fact that appellant Randle's negligence contributed substantially to the fraudulent transfer of the stolen automobile, we hold that Mr. Stohr, as the original owner of the vehicle in question, is not estopped by the equitable doctrine of comparative innocence from claiming title to his property.

Turning now to RCW 10.79.050, we find it reads as follows:

> 10.79.050 Restoration of stolen property to owner—Duties of officers. All property obtained by larceny, robbery or burglary, shall be restored to the owner; and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his rights to such property;
> . . .

As the statute provides for the return of the stolen automobile to the original owner apparently regardless of the appellant's alleged "good faith" purchase or even his estoppel argument, we agree with the trial court and affirm its judgment in this matter.

HALE, C.J., HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.

ROSELLINI, J., concurs in the result.