No. 82-04

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

RUTH H. EATINGER,

Plaintiff and Appellant,

vs.

FIRST NATIONAL BANK OF
LEWISTOWN, a National Banking
Corporation,

Defendant and Respondent.

Appeal from:  District Court of the Tenth Judicial District,
In and for the County of Fergus
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

K. Robert Foster argued, Lewistown, Montana

For Respondent:

Peter L. Rapkoch argued, Lewistown, Montana

Submitted: July 8, 1982

Decided: August 11, 1982

Filed: AUG 1 1 1982

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In an action by a depositor against a bank for conversion of two checks, the jury returned a verdict in favor of the bank and judgment was entered thereon. Following denial of her motion for a new trial, the depositor appeals. We reverse.

On August 4, 1976, plaintiff Eatinger drew a check on her account at defendant First National Bank of Lewistown in the amount of $7,128.32. She gave the check to Ervan Glover, a contractor working for her, who was to take the check to Great Falls to pick up the various supplies indicated on the face of the check (specific dollar amounts were allocated for "poles," "form material," "lumber," etc., totaling $7,128.32) from Intermountain Company, the payee. Unknown to plaintiff, Glover endorsed the check at defendant bank "for exchange only to Intermountain Company by Ervan Glover." Defendant issued a cashier's check to Intermountain Company for $7,128.32 which listed plaintiff as the remitter and was signed by an officer of the bank. Glover applied the cashier's check to his own account with Intermountain rather than using it to buy materials for plaintiff.

On August 17, 1976, plaintiff similarly drew a check for $5,500, and Glover followed the same procedure and applied defendant's cashier's check to his account at Custom Corrugating and Supply, the payee.

After plaintiff reviewed her August bank statement wherein the two checks were charged against her account, she discovered that Glover had endorsed them. She went to defendant bank and was told by one of the bank's employees

that there was nothing to worry about since the cashier's checks were made out to the appropriate payees.

Late in October Glover called plaintiff and told her he was out of money and was not finishing his contracting job for her. Plaintiff then discovered that Glover had applied the proceeds to his own accounts with the payees rather than her account. Glover has subsequently disappeared.

On March 27, 1977, plaintiff filed an amended complaint for the conversion by defendant bank of the two checks and prayed for judgment in the total sum of the two checks ($12,628.32) plus interest. Defendant answered, denying any failure to properly perform its duties, and raised as defenses plaintiff's failure to timely notify defendant of any claimed mistakes and the fact that the intended payees of the checks received the proceeds thereof.

After plaintiff's motion for summary judgment was denied, the case was tried to a jury which returned a verdict for defendant. Plaintiff's motion for a new trial was denied, and plaintiff appeals.

Although appellant presents numerous issues for our review on appeal, one issue is dispositive in this case, i.e., whether the District Court erred in denying plaintiff's motion for summary judgment.

A successful motion for summary judgment requires that there be no genuine issues of material fact and that the moving party be entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.

Appellant contends that the denial of her summary judgment motion runs counter to several cases including

Hillsley v. State Bank of Albany (1966), 18 N.Y.2d 952, 277 N.Y.S.2d 148, 223 N.E.2d 571, and Tonelli v. Chase Manhattan Bank (1977), 41 N.Y.2d 667, 394 N.Y.S.2d 858, 363 N.E.2d 564. Both of these cases hold that, in a forged endorsement or absent endorsement case, even though the intended payee may receive the proceeds of a check, if the funds are not applied for the purpose for which they were intended the bank may be held liable. Appellant also cites Conwed Corporation v. First Citizens Bank & Trust Co. (1974), 262 S.C. 48, 202 S.E.2d 22, which reversed a summary judgment for the defendant bank in similar circumstances and remanded for a trial on the merits.

Respondent attempts to distinguish Tonelli on several grounds including the fact that there a cashier's check was issued on an unendorsed check whereas here Glover endorsed the checks. Respondent also argues that defendant is not liable because the payee ratified Glover's actions. On oral argument respondent further contended that Glover had apparent authority to negotiate plaintiff's checks because many residents of the area knew that he was employed by plaintiff.

We are not persuaded by respondent's reasoning. Here the defendant accepted and negotiated two checks which were not endorsed by the payees or by anyone who was clothed with apparent or actual authority to so act for them. Glover was not connected with the payees in any way.

Section 30-4-401(1), MCA, provides that a bank may charge a customer's account for an item that is "properly payable." There are a number of cases which have interpreted this language to require proper endorsements. For

example, in Kosic v. Marine Midland Bank (1981), 55 N.Y.2d 620, 446 N.Y.S.2d 264, 430 N.E.2d 1317, a check with "Captain Blake's, Inc." as the payee was endorsed by "S. Ferry." The court found that the defendant bank breached its duty to its customer by charging these checks against his account because they were not properly payable (citing U.C.C. section 4-401). The court also rejected the bank's defense that the funds reached the intended payee because the proceeds never reached the account of Captain Blake's, Inc.

Similarly, in Cincinnati Insurance Co. v. First National Bank of Akron (1980), 63 Ohio St. 2d 220, 407 N.E.2d 519, a check lacking the endorsement of one of the joint payees was held not properly payable under the counterpart of our section 30-3-116, MCA. Here, the bank accepted and charged against plaintiff's account two checks which were not properly endorsed and therefore not properly payable. The bank may not charge plaintiff's account therefor.

The bank's defense on the grounds that the proceeds of the checks reached the intended payees must similarly fail. This rule is based on the equitable principle that the drawer should not be unjustly enriched or be permitted to recover from the drawee bank where he has suffered no loss from the improper payment of the check, Kosic, supra. Here it is uncontroverted that plaintiff suffered substantial losses because she did not receive the building materials for which the checks were drawn. Consequently, there is no unjust enrichment.

The correct rule of law to be applied in this case is

outlined in <u>Tonelli</u> and <u>Hillsley</u>, supra. In <u>Tonelli</u> a messenger took a certified check made payable to Totowa Savings and Loan to the drawee bank and, at the messenger's request, the bank issued a cashier's check payable to Totowa without Totowa's endorsement. The messenger opened an account at Totowa but used the funds for a purpose other than that for which the original check was drawn. In finding liability in favor of the drawer against the drawee bank, the New York Court of Appeals stated the following:

> ". . . Totowa, <u>the true payee, never actually received the proceeds of the original certified check for the purpose intended by the drawer.</u> By virtue of the issuance of the cashier's check, the thieves were able to convert the fund's moneys to their own use. Under these circumstances, the reasoning of Hillsley v. State Bank of Albany (24 A.D.2d 28, 263 N.Y.S.2d 578, aff'd. 18 N.Y.2d 952, 277 N.Y.S.2d 148, 223 N.E.2d 571), is applicable to the instant case. In <u>Hillsley</u> (pp. 30-31, 263 N.Y.S.2d pp. 580-581), the court held that a drawee bank, which paid a certified check over a forged indorsement, could not rely upon the defense that the funds eventually reached the rightful payee where the proceeds of the check were not applied by the payee for the purpose intended by the drawer." (Emphasis added.) 394 N.Y.S.2d at 861, 363 N.E.2d at 567.

Respondent contends that plaintiff's summary judgment motion was properly denied because there were issues of material fact including the standard of commercial reasonableness to be applied to the bank and plaintiff's lack of timely notice of the bank's purported errors. We disagree.

The issue of commercial reasonableness arises by virtue of section 30-3-406, MCA, which reads as follows:

> "<u>Negligence contributing to alteration or unauthorized signature.</u> Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due

-6-

course or against a drawee or other payor who pays the instrument in good faith and <u>in accordance with the reasonable commercial standards</u> of the drawee's or payor's business." (Emphasis added.)

The scheme of the U.C.C. requires that the depository bank authenticate the signatures on instruments presented to it. Tubin v. Rabin (N.D. Tex. 1974), 389 F.Supp. 787. See, Atlas Building Supply Co., Inc. v. First Independent Bank of Vancouver (1976), 15 Wash.App. 367, 550 P.2d 26 (the bank's failure to determine whether a copayee's endorsement was authorized was not in accord with reasonable commercial standards).

In Twellman v. Lindell Trust Co. (Mo.App. 1976), 534 S.W.2d 83, 93 ALR3d 943, the court held, as a matter of law, that the drawee bank, in accepting a check whose first endorsement was made by someone other than the payee, did not act in accordance with reasonable commercial standards and affirmed the directed verdict for the plaintiff. Here, copies of the checks were attached to the amended complaint and clearly showed the endorsement was by someone other than the payee. Because of this, the bank did not act in accordance with reasonable commercial standards as a matter of law.

Moreover, section 30-4-207(4), MCA, gives the plaintiff a reasonable time to notify the bank after learning of any breach. Here, plaintiff's affidavit indicated that she notified the bank immediately after she discovered the irregular endorsements. This sworn affidavit must be taken as true on motion for summary judgment. See, State v. Conrad (1982), ____ Mont. ____, 643 P.2d 239, 39 St.Rep. 680. The notice here was certainly given within a reason-

able time under section 30-4-207(4), MCA.    See, _Twellman_, supra, where the court held that, within the time frame given there, there had been notification within a reasonable time as a matter of law.

Since we hold that plaintiff should have been granted summary judgment, we need not address plaintiff's other issues which deal with the subsequent trial. By our vacation of the District Court judgment, the award of costs is likewise vacated, Rule 33(a), M.R.App.Civ.P.    Appellant shall submit a memorandum of her costs as prescribed in section 25-10-503, MCA.

Reversed and remanded to the District Court for entry of judgment in favor of plaintiff depositor in the sum of $12,628.32, interest from August 4, 1976, on the sum of $7,128.32 and from August 17, 1976, on the sum of $5,500, to date of judgment, and costs.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

-8-

Mr. Justice Frank B. Morrison, Jr., specially concurring:

I concur but take exception to the language in the majority opinion which states: "This sworn affidavit must be taken as true on motion for summary judgment." The Court cites State v. Conrad (1982), ____ Mont. ____, 643 P.2d 239, 39 St.Rep. 680. The Conrad case holds that an affidavit must be taken as true where filed in support of an information and where probable cause is sought to thereby be established. This is well-accepted law but has no application here. In Conrad the affidavit allows the case to go forward where here, under the majority holding, the affidavit ends the litigation.

In this case plaintiff supports a motion for summary judgment with an affidavit. The affidavit, if unrefuted, may form the basis for granting summary judgment. However, it need not be accepted by the trial court as true. The trial court could find that the document was not credible.

The result here does not change. There is no conflict in the evidence producing a genuine issue of fact. Given this record the plaintiff is entitled to summary judgment.

_____
Justice