No. 85-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ELEANOR STAPLETON,

Plaintiff and Respondent,

vs.

FIRST SECURITY BANK, WESTERN MONTANA NATIONAL BANK
AND FEDERAL HOME LOAN BANK OF SEATTLE,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District
In and for the County of Missoula
The Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Mulroney, Delaney & Scott, Missoula, Montana
Garlington, Lohn and Robinson, Missoula, Montana
Worden, Thane & Haines, Missoula, Montana

For Respondent:

Milodragovich, Dale & Dye, Missoula, Montana

---

Submitted on briefs: October 10, 1985

Decided: December 31, 1985

Filed: DEC 31 1985

_Ethel M. Harrison_
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant bank appeals a court order entered in the Fourth Judicial District, Missoula County, which awarded plaintiff the face amount of two checks payable to Arthur M. and Eleanor M. Stapleton, plaintiff and her former husband, following a remand from this Court to determine plaintiff's interest in the checks. The District Court held that defendant banks had converted the checks in accepting them without endorsements and without the knowledge of plaintiff, and that under § 30-3-419(2), MCA, the drawee bank's liability to a co-payee on a converted instrument is the face amount of the instrument.

We affirm the District Court order.

This Court remanded for a District Court determination of the extent of plaintiff's interest in the two checks in Stapleton v. First Security Bank, et al. (Mont. 1983), 675 P.2d 83, 40 St.Rep. 2015. Pursuant to § 30-3-419(2), MCA, we concluded that the drawee bank was absolutely liable for the $32,600 face amount of the two checks. However, at that time, we would not conclude that the statute required recovery without regard to the joint payee's actual interest in the check; instead, we concluded that the amount of recovery by a joint payee is that amount to which he is entitled, up to and including the face amount of the check. Stapleton, supra. "On remand, the District Court may consider evidence . . . that Eleanor's proportional interest in the proceeds [of the sale of joint tenancy real estate] was greater or less than one-half." (Emphasis added.) Absent proof otherwise, Eleanor was entitled to one-half the amount of the checks. Stapleton, supra.

2

The District Court held a hearing on April 10, 1985. Arthur Graham who is a business law professor, a former professor on the Uniform Commercial Code at the Law School of the University of Montana, and a commercial law practitioner, testified on behalf of appellant, maintaining the position that by statute her interest was the face amount of the check. Graham testified that the particular checks as negotiable instruments were not in the form of joint tenancy.

The District Court entered its findings of fact and conclusions of law on June 10, 1985, finding that the plaintiff's interest in the negotiable instruments was not a joint tenancy interest and was the face amount of each of the converted instruments. The court concluded that the Uniform Commercial Code as adopted in Montana does not provide for joint tenancy interests in negotiable instruments made payable to more than one person and that the use of the term "joint payee" does not create a joint tenancy interest. We agree with the District Court. To create a joint tenancy interest in a negotiable instrument, there must be an express declaration in the instrument declaring the ownership to be a joint tenancy in order to comply with § 70-1-307, MCA.

Appellant, First Security Bank, appeals the granting of the face amount of the checks to co-payee Eleanor Stapleton, claiming that the District Court failed to follow the directions on remand to determine her proportionate interest.

We hold that the District Court followed our directions to determine her interest and that the findings and conclusions that she was entitled to the face amount are supported by ample authority. In remanding, we allowed the court to consider evidence of her equitable interest in the proceeds of the sale of her home as part of the proof to rebut a presumption that as joint payee she was entitled to one-half

the amount of the checks. The only limitation on what the court could consider was our restriction against consideration of evidence of other transactions or obligations involving the parties and the banks. On remand, the court properly concluded, based upon expert testimony on statutory conversion under § 30-3-419(2), MCA, that the drawee was absolutely liable for the face amount of the two checks to plaintiff as co-payee on the negotiable instruments.

We are persuaded that the District Court correctly focused on plaintiff's interest in the checks and properly made a decision based on statute. In Stapleton I, we agreed that there was a liability for statutory conversion. In an effort to be equitable, we followed a Maryland decision which denied recovery to a joint payee (wife) on a forged endorsement on a theory of conversion when she had released her interest in real estate prior to sale and therefore had no interest in the proceeds of the real estate. Mueller v. Fidelity-Baltimore National Bank (Md. 1961), 174 A.2d 789.

We now recognize that the District Court's reasoning on remand follows the line of authority on statutory conversion as adopted by those states which adopted the Uniform Commercial Code (UCC). Mueller preceded Maryland's adoption of the UCC and relied on a theory of common-law, not statutory, conversion. As such, Mueller is superseded in Maryland by the code (UCC) and subsequent case law. In People's National Bank of Maryland v. American Fidelity Fire Insurance Co. (Md. 1978), 386 A.2d 1254, the appellate court affirmed an award of damages to a co-payee (surety on a contract) for a face amount recovery from defendant bank for its statutory conversion under § 3-419(1)(c) when the other payee rubber-stamped an endorsement without knowledge of co-payee and soon after withdrew the funds. The Maryland court in 1978 did not

4

expressly overrule _Mueller_; instead, it interpreted the intervening code provision for conversion with the code remedy, i.e., face amount recovery for the statutory conversion.

Respondent's expert witness testified that the _Mueller_ decision and line of reasoning was rejected by the UCC drafters in favor of the statutory provision for conversion under § 30-3-419(2), MCA. Respondent cites ample authority to support face amount recovery for joint payee on a conversion under the code. _People's National Bank of Maryland_, supra; Atlas Building Supply Company, Inc. v. First Independent Bank of Vancouver (Wash. 1976), 550 P.2d 26; Edwards Company, Inc. v. Long Island Trust Company (N.Y. 1973), 347 N.Y.S.2d 898, citing State National Bank of Alabama v. Sumco Engineering, Inc. (Ala.App. 1970), 240 So.2d 366; Hillsley v. State Bank of Albany (N.Y.App. 1965), 263 N.Y.S.2d 578; R. A. Montgomery, et al. v. First National Bank of Oregon (Ore. 1973), 508 P.2d 428.

Appellant cites no specific authority on the interpretation of conversion of a joint-payee instrument under the UCC. The only authority cited on appeal involves "law of the case" decisions: Apple v. Edwards (1949), 123 Mont. 135, 211 P.2d 138, and In re Stoian's Estate (1960), 138 Mont. 384, 357 P.2d 41. Appellant urges this Court that a lower court cannot ignore the mandate of an appellate court in disposing of a case on remand. State v. District Court of the Nineteenth Judicial District (1979), 184 Mont. 346, 602 P.2d 1002. The "law of the case" in _Stapleton I_, appellant contends, required the District Court to determine that plaintiff's interest in the checks could not exceed one-half the amount of the checks.

As the discussion indicates, we disagree with appellant's assessment of Stapleton I. There we found the bank absolutely liable for the face amount of the two checks, $32,600. We concluded that the amount of recovery by a joint payee may be up to and including the face amount of the check. We directed the District Court to determine that amount and stated that it "may consider" evidence as to her proportional interest in the proceeds. The court considered the evidence, including expert opinion on the value of a co-payee's interest in a check wrongfully endorsed by the other payee and then converted by the bank. By overwhelming authority, the expert testified, that interest is the face amount of the checks. We created a temporary ambiguity in our 1983 decision to remand to the District Court for this ultimate determination, but the District Court properly concluded, based upon the clear language of § 30-3-419, MCA, and upon the evidence at the hearing, that her proportionate interest was the face amount. Stapleton v. First Security Bank, et al. (Mont. 1983), 675 P.2d 83, 40 St.Rep. 2015, is hereby modified to conform with our opinion herein.

The banks in this instance, as in the other cases from other jurisdictions, were in a position to prevent a wrongdoer from successfully but wrongfully negotiating an instrument. The banks are liable for statutory conversion of the face amount of the checks.

We hold that the District Court properly determined co-payee's interest in the two checks wrongfully negotiated by the other payee and converted by defendant banks to be the face amount of the checks pursuant to § 30-3-419(2), MCA.

Affirmed.

/s/ J. A. Turnage
Chief Justice

We concur:

_John Conway Harrison_
_John C. Sheehy_

_Frank B. Morrison_

_L. C. Gulbrandson_
Justices

7