Ronald Reed FRANKE, Appellant,

v.

Rodger M. ZIMMERMAN, Appellee.

No. 12244.

Court of Civil Appeals of Texas,
Austin.

July 23, 1975.

Terry R. Tippit, Austin, for appellant.

William M. Rugeley, San Marcos, for appellee.

O'QUINN, Justice.

This appeal is from judgment in a lawsuit brought in county court at law of Hays County by Rodger M. Zimmerman, an attorney, to collect unpaid attorney's fees from Ronald Reed Franke, who by cross action in the case sued Zimmerman for alleged negligence in giving erroneous advice and for withdrawing without reason from representation of Franke.

After trial before the court without intervention of a jury, the court entered judgment that Franke take nothing by his cross action and that Zimmerman recover attorney's fees in the amount of $918.85.

Franke appeals and brings three points of error, all directed exclusively to denial by the trial court of recovery by Franke on his cross action. We will overrule all points of error and affirm judgment of the trial court.

█ The trial court filed findings of fact and conclusions of law and a statement of facts has been brought forward. The court found "there was no negligence on the part of the cross-defendant . . . in his representation of the cross-plaintiff." In the judgment the court stated, " . . . having found no negligence on the part of the Cross-Defendant . . . in his representation of Cross-Plaintiff," [it is decreed] . . . that Cross-Plaintiff Franke take nothing herein against Cross-Defendant Zimmerman . . . "

█ Specific findings of fact filed, or stated in the judgment, when a statement of facts is brought forward, will be sustained if there is any evidence to support them, even if the appellate court might have reached a different conclusion. *Gulf Freeway Lumber Company v. Houston Investment Realty Trust,* 452 S.W.2d 39, 43 (Tex.Civ.App.Houston 14th 1970, no writ); 4 McDonald: Texas Civil Practice, sec. 16.-10(b), p. 29 (1971).

Franke consulted Zimmerman in connection with a dispute Franke had with other

persons over settlement of an estate. Franke had drawn an arbitration agreement, which he and the other interested persons signed, and later wished to avoid arbitration. A district court appointed an arbitrator and afterwards approved the arbitration report. Meanwhile, Franke asked Zimmerman's advice regarding the agreement, and Zimmerman, at Franke's behest, advised other parties to the agreement by letter that Franke would "no longer consent, submit to, or participate in any arbitration as outlined in the Arbitration Agreement dated July 15, 1970," and added, "This notice should act as Mr. Ronald Franke's intent to rescind the Arbitration Agreement for all purposes."

Franke contended Zimmerman advised that Franke had a right to rescind the arbitration agreement, and that he followed the advice, although under provisions of Article 224, Vernon's Ann.Tex.Civ.St., effective January 1, 1966, the agreement was by law enforceable and Franke had no right of rescission. (See Acts 1965, 59th Leg., p. 1593, ch. 689, sec. 1). Zimmerman denied he had so advised Franke, and testified that, on the contrary, he had fully explained to Franke his rights. Zimmerman stated he did tell Franke he could try to rescind and risk the consequences of suit for damages, or could continue to participate in negotiations under the agreement and abide by the final arbitration.

Zimmerman denied he had sought to advise Franke which course to follow. Zimmerman testified that Franke had written the contract and was "an exceptional person," in that "He wanted to know exactly what was going on. He wanted to know why this, why that . . . " Zimmerman testified he advised Franke "many times" that he was throwing away good money after bad, but that Franke and his sister, one of the other persons interested in the estate, were at "opposite poles," and Franke would "not at all" take Zimmerman's advice.

After the arbitration hearing in district court, when the court approved the arbitra-

tor's report which was contrary to Franke's contentions, Zimmerman discontinued his representation of Franke and did not appeal the case. Franke contends that Zimmerman abandoned his client "without good and sufficient cause." Franke concedes on appeal that ordinarily the contract of employment and duty of further representation by the attorney terminates upon the rendering of a final judgment. The trial court, at the conclusion of trial of this case, observed from the bench, " . . . every time there's a lawsuit and somebody loses, somebody is going to be upset . . . there was no abandonment. From the evidence it showed that he [Franke] had an opportunity to hire another attorney."

We conclude that the findings of the trial court are supported by evidence of probative force, and the judgment ought to be affirmed.

The judgment of the trial court is in all things affirmed.

Affirmed.