[No. 20175-1-I. Division One. May 16, 1988.]

KATHLEEN E. WARD, *Appellant,* v. RICHARDS & ROSSANO, INC., P.S., ET AL, *Respondents.*

*Philipp Serrin* and *Greive & Serrin,* for appellant.

*David Lycette* and *Lane, Powell, Moss & Miller,* for respondents.

WINSOR, J.—Kathleen Ward appeals from dismissal of her action for partial recovery of attorneys' fees paid by her to Richards & Rossano, Inc., P.S. (Richards & Rossano). Richards & Rossano represented Ward on a contingent fee basis in a 1979 personal injury action. We reverse.

In August 1975, Ward, formerly Kathleen Klink,[1] suffered a stroke induced by oral contraceptives. On March 9, 1976, Ward and her then husband Edward Klink entered into a contract to retain Richards & Rossano to pursue medical malpractice and product liability claims against the prescribing doctor and the drug manufacturer. That contract provided in part:

> Ed & Kathy Klink, hereinafter called "Clients", do hereby request and authorize Richards, Rossano & Cornell, hereinafter called "Attorneys", to represent Clients as legal counsel for all purposes in connection with [the] incidents which occurred during March 1974 thru Aug. 1975, in the County of King, State of Wash., on the following conditions:
>
> . . .
>
> 2. Clients will pay Attorneys for their services 40% of any and all amounts recovered in any manner. *In the event of no recovery, Clients shall owe Attorneys nothing for services rendered.*

---

[1]For clarity, appellant is referred to as Ward throughout this opinion.

In June 1977, Richards & Rossano, who had not handled an oral contraceptive/stroke claim before, asked Bruce Rothman to associate on Ward's case. Rothman, an Oregon lawyer, had represented plaintiffs in several similar cases. Rothman usually worked on a 50 percent contingency fee basis, but apparently agreed to associate with Richards & Rossano for 25 percent of the total award. Dwayne Richards, an attorney at Richards & Rossano, believed that from the time Rothman joined the case all parties had agreed to a 50 percent contingent fee contract. Ward denies agreeing to a 50 percent fee contract then, or at any other time before trial concluded. The parties agree that no new written fee agreement was entered into until after trial.

During trial the defendant made a settlement offer to Ward. While explaining the offer, Richards and Rothman stated that their contingent fee would be 50 percent of the offer. Ward reminded them of the existing 40 percent contingent fee agreement. All concerned agreed to resolve the question of what fee agreement was in effect after trial.

On July 31, 1979, the jury awarded Ward $1,100,000. Two days later, Ward, Klink and Richards met to resolve the attorneys' fee question and to discuss payment of trial costs. Klink and Ward brought their copy of the March 1976 agreement to the meeting, thereby settling questions concerning the terms of the existing written fee agreement. Richards then asked Ward and Klink whether they believed the existing agreement was intended to include attorneys' fees on appeal, or whether it would be fair not to increase the firm's compensation for undertaking additional work. The parties ultimately entered into a new agreement granting Richards & Rossano a 40 percent contingent fee if no appeal was taken and a 50 percent fee in the event of an appeal.[2] Richards also agreed to arrange for and personally guarantee a bank loan to Ward for payment of Ward's trial

---

[2] Richards admits that he believed it was more likely than not the defendant would appeal. In August he did work with counsel for the defendant physician to try to persuade the defendant's insurance carrier not to appeal.

costs and medical expenses. Ward contends that she entered into the new fee agreement in part because she was afraid that if she did not, Richards & Rossano would not represent her on appeal.

The personal injury judgment was appealed. This court affirmed the judgment in *Klink v. G.D. Searle & Co.,* 26 Wn. App. 951, 614 P.2d 701, 9 A.L.R.4th 364 (1980). Richards & Rossano and Rothman retained 50 percent of the award as fees.

In July 1985, Ward filed a complaint against Richards & Rossano contesting the validity of the August 2, 1979 fee agreement and seeking recovery of the 10 percent additional attorneys' fees paid pursuant to that agreement.[3] Richards & Rossano moved for summary judgment, arguing that the August 1979 modification was supported by consideration and therefore fully enforceable, and that Ward's action was barred by the affirmative defenses of ratification, waiver, estoppel and laches. The trial court denied Richards & Rossano's motion as it was "persuaded that there are material questions of fact." Richards & Rossano moved for reconsideration, arguing that the August 1979 agreement was an accord and satisfaction and that Ward's claim was barred by community property estoppel. The trial court found an accord and satisfaction and granted Richards & Rossano's motions for summary judgment and for reconsideration. In its memorandum decision, the court reasoned:

> However, I am [persuaded] based upon all of the affidavits, including Mrs. Ward's, that accord and satisfaction should apply.
> It is clear that there was a dispute as to whether the original contract provided for fees on appeal. The language of the original agreement provided:
> "Clients will pay attorneys for their services 40% of any and all amounts recovered in any manner."

---

[3]The additional attorneys' fees are claimed by Ward to be approximately $124,127.

At the time of the August 2, 1979, agreement it was plaintiff's position according to the affidavits submitted by her, that appeal was included. Defendants [contended] that appeal was not included. This Court finds the agreement is susceptible to two interpretations.

The parties drafted a new agreement dated August 2, 1979, which clearly sets forth their agreement. The execution of this agreement constituted accord and satisfaction as to their dispute. No [independent] consideration would be required to support the change in the agreement. The settlement of the dispute was adequate consideration.

Ward appeals.

### STANDARD OF REVIEW

A motion for summary judgment under CR 56 is properly granted only when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. All facts submitted and the reasonable inferences therefrom must be considered in the light most favorable to the nonmoving party. The court should grant the motion only if, from all of the evidence, reasonable persons could reach but one conclusion. In reviewing the trial court's decision, this court engages in the same inquiry as did the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982); *Mark v. Williams,* 45 Wn. App. 182, 186, 724 P.2d 428, *review denied,* 107 Wn.2d 1015 (1986).

In addition to the requirements set out above, special care must be taken in considering the facts and the reasonable inferences therefrom in this case. Review of an attorney's fee agreement renegotiated after the attorney-client relationship was established requires particular attention and scrutiny. *Perez v. Pappas,* 98 Wn.2d 835, 841, 659 P.2d 475 (1983); Annot., *Validity and Effect of Contract for Attorney's Compensation Made After Inception of Attorney–Client Relationship,* 13 A.L.R.3d 701, 711 (1967). Such a modification is considered to be void or voidable until the attorney establishes "that the contract

with his client was fair and reasonable, free from undue influence, and made after a fair and full disclosure of the facts upon which it is predicated". *Kennedy v. Clausing*, 74 Wn.2d 483, 491, 445 P.2d 637 (1968) (quoting *Albert v. Munter*, 136 Wash. 164, 175, 239 P. 210 (1925)). Consideration of each of Richards & Rossano's claimed defenses must be made with these rules in mind.

## ACCORD AND SATISFACTION

 An accord and satisfaction consists of: (1) a bona fide dispute; (2) an agreement to settle that dispute; and (3) performance of that agreement. *E.g., Perez*, 98 Wn.2d at 843. When a fiduciary claims accord and satisfaction as a defense, a fourth element is required: the accord must be evidenced by an express agreement made upon full revelation. *Perez*, at 844; *Gleason v. Metropolitan Mortgage Co.*, 15 Wn. App. 481, 498, 551 P.2d 147 (1976).

The first element of an accord and satisfaction, a bona fide dispute, requires that the claim underlying the dispute must be made in good faith. A claimant must do more than make a bald assertion of a claim. Rather, the claimant must have a bona fide belief in the validity of his or her position with respect to the claim. *Harding v. Will*, 81 Wn.2d 132, 138, 500 P.2d 91 (1972); *Opitz v. Hayden*, 17 Wn.2d 347, 369–71, 135 P.2d 819 (1943); *Department of Fisheries v. J–Z Sales Corp.*, 25 Wn. App. 671, 676, 610 P.2d 390 (1980).

In this case, the trial court found the parties to have been in dispute as to whether the March 1976 contingent fee agreement covered appellate work. The court did not specifically address whether the dispute was bona fide or whether a full revelation had been made. Ward contends that no accord and satisfaction occurred because there was no bona fide dispute, the modified fee agreement was not made upon a full disclosure, and her acceptance of 50 percent of the judgment (less costs) did not operate as a full satisfaction.

 Whether Richards & Rossano had a bona fide belief in the validity of its claim for additional attorneys' fees on

appeal must be considered in the context of the general rule that:

> In the absence of an express provision to the contrary, services rendered by the attorney in prosecuting or defending an appeal from a judgment in the case for which he was employed are held to be covered by a contingent fee contract, and the attorney is not entitled to any additional compensation for such services. The rationale for the rule is that a client retaining an attorney on a contingent fee basis normally expects the fee to cover all services necessary to render a judgment final, that an attorney ought to foresee the ever–present possibility that an appeal might be taken from a judgment, that the attorney has the knowledge and opportunity to state explicitly in the contract drafted by him what services are to be covered by the fee, and that any ambiguities in the contract should be resolved against the attorney.

(Footnotes omitted.) Annot., *Construction of Contingent Fee Contract as Regards Compensation for Services After Judgment or on Appeal,* 13 A.L.R.3d 673, 675–76 (1967).[4]

Considering the facts and inferences concerning the parties' fee dispute in a light most favorable to Ward, and with the careful scrutiny required by *Perez v. Pappas, supra,* we find that there are genuine issues of material fact as to whether an accord was entered into on August 2, 1979. Reasonable persons could conclude from the evidence that Richards & Rossano did not enter into the fee dispute in good faith, that it did not make a full revelation, or that Ward was unduly influenced to enter into the modified agreement.

The fee dispute that surfaced during trial was whether Klink and Ward had entered into a 50 percent contingent

---

[4]Cases cited by Richards to the contrary address only whether an attorney must represent a client on appeal and are irrelevant to the question of the scope of an existing contingent fee agreement. *See Hawkeye–Sec. Ins. Co. v. Indemnity Ins. Co. of North Am.,* 260 F.2d 361, 69 A.L.R.2d 684 (10th Cir. 1958); *Franke v. Zimmerman,* 526 S.W.2d 257 (Tex. Civ. App. 1975); *Young v. Bridwell,* 20 Utah 2d 332, 437 P.2d 686 (1968).

fee agreement after Rothman associated with Richards & Rossano. At the August 2 meeting, all parties agreed that the March 1976 40 percent contingent fee agreement was the only written agreement between the parties. That agreement expressly encompassed representation "for all purposes" and the contingent fee for "amounts recovered in any manner." Richards & Rossano knew, or should have known, that these phrases would be construed in Ward's favor. Nevertheless, knowing an appeal was likely, Richards persuaded Klink and Ward that the existing fee agreement did not or should not cover services on appeal, and that a new agreement providing Richards & Rossano increased compensation for services on appeal should be executed. From these facts, one could reasonably infer that Richards & Rossano did not make full disclosures of the law or of the potential economic consequences to the firm if it did not represent Ward on appeal,[5] or make its claim, of increased attorneys' fees in good faith.

One could also infer that Richards & Rossano exercised undue influence over Ward in procuring her agreement to execute a new fee agreement. The firm had just assisted Ward in obtaining a favorable verdict for damages sustained from a massive bilateral stroke that had drastically affected her physical and mental capabilities. Ward naturally would have wanted Richards & Rossano to continue to represent her on appeal, as the firm was familiar with the details of her case and had apparently done an excellent job at trial. It may well have been that Richards & Rossano would not have withdrawn from the case had Ward refused to revise the agreement, since under the 40 percent agreement the firm and Rothman had a contingent interest of

---

[5]Had Ward retained another firm to represent her on appeal, Richards & Rossano presumably would have been compensated proportionately for its services, under the rule that when an attorney does not complete or substantially complete services for which he or she was to have been compensated on a contingent fee basis, that attorney is entitled only to reasonable compensation for the services rendered. *Ross v. Scannell,* 97 Wn.2d 598, 608–09, 647 P.2d 1004 (1982).

$440,000 to protect on appeal.[6] If so, they had a duty to advise Ward that she need not fear abandonment on appeal.

For these reasons, we hold that the trial court erred in finding an accord and in entering summary judgment for Richards & Rossano.[7] Because we find no accord, we do not address Ward's argument that there was also no full satisfaction.

On appeal, the parties have briefed additional grounds alleged by Richards & Rossano to support the trial court's judgment. We address these grounds briefly.

### CONSIDERATION

A fee agreement modified to increase an attorney's compensation after the attorney is employed is unenforceable if it is not supported by new consideration. *Perez,* 98 Wn.2d at 841; 7 Am. Jur. 2d *Attorneys at Law* § 251 (1980). Richards & Rossano argues that the renegotiation or modification in this case was supported by two undertakings constituting new consideration: (1) its agreement to represent appellant on appeal; and (2) Richards' agreement to secure and personally guarantee a loan to pay off Ward's litigation expenses.

■ Before an act or promise can constitute consideration, it must be bargained for and given in exchange for the promise. *Williams Fruit Co. v. Hanover Ins. Co.,* 3 Wn. App. 276, 281, 474 P.2d 577 (1970). The parties disagree as to whether the agreements to represent Ward on appeal

---

[6]See footnote 5.

[7]We also note that in these circumstances the requirements of good faith, full revelation and freedom from undue influence might be held to require Richards & Rossano to either advise Ward to retain independent counsel to represent her in the fee negotiations with Richards & Rossano, or, as a minimum, to have reviewed the law governing interpretation of the scope of an attorney's contingent fee agreement and to have advised Ward that under existing law, the March 1976 agreement probably did encompass its services on appeal. *See* Annot., 13 A.L.R.3d at 675–76. This point was not briefed or argued, and we therefore reach no determination on it.

and to secure and to guarantee Ward's loan were made in exchange for the fee modification. We therefore find that the trial court properly refused to grant summary judgment to Richards & Rossano on the basis that the new agreement was a modification supported by independent consideration.

## RATIFICATION

■ Richards & Rossano next contends that Ward ratified the August 1979 fee agreement by approving the award disbursement made pursuant to the agreement, by accepting benefits from the agreement, and by acquiescing in the agreement for nearly 6 years. A party ratifies an otherwise voidable contract if, after discovery of the facts that would warrant rescission, he or she remains silent or continues to accept benefits under the contract. *Wilson v. Pearce,* 57 Wn.2d 44, 53, 355 P.2d 154 (1960); *Power v. Esarey,* 37 Wn.2d 407, 417, 224 P.2d 323 (1950); 17 Am. Jur. 2d *Contracts* § 489 (1964). The mere passage of time does not necessarily establish ratification. *Atlas Bldg. Supply Co. v. First Indep. Bank,* 15 Wn. App. 367, 370, 550 P.2d 26 (1976). A party charged with ratification must have acted voluntarily, with full knowledge of the facts. 17 Am. Jur. 2d *Contracts* § 7 (1964); *see Thiel v. Miller,* 122 Wash. 52, 58–59, 209 P. 1081, 26 A.L.R. 523 (1922) (evidence parties voluntarily entered into contract knowing that certain facts were unknown would support finding of ratification).

The evidence here permits the reasonable inference that Ward did not sign the new fee agreement with full knowledge of the facts relating to the scope of the March 1976 fee agreement or relating to Richards & Rossano's economic interest in representing Ward on appeal. Moreover, Ward alleges she felt she did not voluntarily sign the August agreement, but felt compelled to do so by Richards & Rossano's implicit threat to not represent her on appeal. Accordingly, the trial court properly refused to grant summary judgment for Richards on this basis.

## WAIVER

Richards & Rossano also contends that Ward waived her right to make any claim against it by entering into the new fee agreement, accepting the benefits of the firm's representation, and approving the disbursement without objection.

A waiver is the intentional relinquishment of a known right. *E.g., Wagner v. Wagner,* 95 Wn.2d 94, 102, 621 P.2d 1279 (1980); *Logan v. North–West Ins. Co.,* 45 Wn. App. 95, 99, 724 P.2d 1059 (1986). There is no evidence in the record that Ward intentionally relinquished her right to assert a claim against Richards & Rossano for the 10 percent additional attorneys' fees, or that she knew at any time prior to accepting the disbursement that she had a potential claim against Richards & Rossano. We agree with the trial court that summary judgment is not warranted on this ground.

## ESTOPPEL

Richards & Rossano also argues that Ward is precluded from bringing this claim by principles of equitable estoppel. To establish equitable estoppel, a party must show: (1) an admission, statement or act inconsistent with the claim subsequently asserted; (2) action by the other party on the faith of that admission, statement or act; and (3) injury to that other party arising from repudiation or contradiction of the earlier admission, statement or act. *Emrich v. Connell,* 105 Wn.2d 551, 559, 716 P.2d 863 (1986). A party seeking to invoke an equitable estoppel must be free from fault. *E.g., In re Estate of McKiddy,* 47 Wn. App. 774, 780, 737 P.2d 317 (1987).

We find that the trial court properly refused summary judgment for Richards & Rossano on the basis of estoppel. Not only are there facts in the record from which fault by Richards & Rossano can reasonably be inferred, *i.e.,* undue influence, failure to make full disclosures and breach of fiduciary duty, but Richards & Rossano has made no showing that it relied upon Ward's prior acts or that it suffered any resultant injury.

## LACHES

■ Richards & Rossano next contends that Ward's claim is barred by laches. Laches is an implied waiver arising from knowledge of a situation and acquiescence in it. *Carlson v. Gibraltar Sav.*, 50 Wn. App. 424, 429, 749 P.2d 697 (1988). The doctrine is an extraordinary defense that is appropriately applied only:

> when a party, knowing his rights, takes no steps to enforce them and the condition of the other party has *in good faith become so changed that he cannot be restored to his former state.*

*Brost v. L.A.N.D., Inc.*, 37 Wn. App. 372, 375–76, 680 P.2d 453 (1984). In deciding whether laches applies, courts assess the inherent equities of a particular case. *Brost*, at 376.

Richards & Rossano offers no evidence that Ward knew she had a right to pursue a claim against it for any length of time before she did so, or that it has been damaged in any way as a result of the approximately 5–year delay. Summary judgment was thus not warranted on this basis.

## COMMUNITY PROPERTY ESTOPPEL

In its motion for reconsideration and on appeal, Richards contends that because Ward's then husband, and co–manager of community property, Edward Klink, signed the August 1979 fee agreement and does not now challenge it, she is estopped from pursuing this claim. Ward argues that Klink's acts now are of no consequence, as the community is dissolved.

The trial court properly denied summary judgment on this issue. Proceeds derived from an injured spouse's personal injury claim are in part the injured party's separate property and in part community property. *In re Marriage of Brown*, 100 Wn.2d 729, 675 P.2d 1207 (1984). The effect, if any, of Klink's execution of the 1979 fee agreement is therefore limited to that part of the recovery which was community property and Klink's acts cannot be a complete bar to Ward's claim. Moreover, it is not clear from the

record whether Klink ratified the agreement or had sufficient knowledge to waive community claims before his marriage to Ward was dissolved. Finally, as is discussed above, the possible inference of Richards & Rossano's own wrongdoing precludes any finding of estoppel against either Ward or the community in a summary judgment proceeding.

We find the trial court erred in finding an accord and satisfaction and reverse the orders granting Richards & Rossano's motion for summary judgment and motion for reconsideration.

SCHOLFIELD, C.J., and SWANSON, J., concur.

Reconsideration denied June 27, 1988.

Review denied by Supreme Court November 1, 1988..