FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JAN 21 AM 11: 32



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KAREN S. HELM, | ) |
| Respondent, | ) No. 69141-4-I |
| | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| HANS U. HELM, | ) |
| | ) FILED: January 21, 2014 |
| Appellant. | ) |

BECKER, J. — In this action concerning a settlement agreement between divorcing spouses, Hans Helm contends the agreement was an accord and satisfaction of all rights and liabilities created by an earlier separation decree. A court commissioner disagreed, denied Hans' motion for accord and satisfaction, and granted Karen Helm's motion to enforce the separation decree. The superior court denied Hans' motion for revision, and he appealed. Because Hans failed to carry his burden of proving an accord and satisfaction, we affirm.

## FACTS

Hans and Karen married in 1973 and separated in 2002. With the assistance of a paralegal, they executed a "Decree of Legal Separation." The decree awarded Karen various assets held in her name, as well as a 50 percent interest in the net marital estate. The latter interest was subject to the sale of the family home, the net proceeds of which were to be distributed equally to each spouse after payment of community debts. Karen's proceeds from the sale were

to be no less than an amount equal to 50 percent of the net marital estate, or $281,775. The decree also awarded her "by way of a Qualified Domestic Relations Order a 50% interest of [Hans'] pension . . . at the Boeing Company with the date of valuation being June 30, 2002."

The decree awarded Hans certain assets held in his name and "50% of pension plans, retirement plans, profit sharing, 401(k) plans, and life insurance policies" subject to Karen's 50 percent interest in the net marital estate.

In 2004, the parties' home sold for $684,000. They divided the proceeds equally but did not pay the community debts before doing so.

In 2005, with the assistance of the paralegal who prepared their 2002 separation agreement, the parties executed a "CR2A Mediation Agreement." The agreement stated in pertinent part:

> The Parties agree to the following terms of settlement which shall be incorporated into the decree of dissolution as and by reference herein:
>
> Hans U. Helm agrees to immediately pay to Karen S. Helm the amount of seventy-five thousand seven hundred forty-seven dollars and fifty cents, ($75,747.50). Karen S. Helm agrees to accept as partial payment as soon as practicable and as a rollover, 100% of the following IRA currently held at Primerica Account Number [omitted] and specifically;
>
> S/B Div. Str Fd Cl A     (NASDAQ SYMBOL GROAX) 100%
> S/B Mid Cap Core A     (NASDAQ SYMBOL SBMAX) 100%
> S/B Appreciation A     (NASDAQ SYMBOL SHAPX) 100%
>
> Balance of amount due shall be paid via cashier's check no later than the 6th of May 2005.

The genesis and import of this agreement are disputed.

2

On May 2, 2005, several days after the execution of the CR2A settlement agreement, Karen moved to convert the 2002 separation decree to a dissolution decree. The court granted the motion. The court's order, which was signed and expressly approved by Hans, did not mention the property division in the 2002 decree or the 2005 CR2A settlement agreement.

In 2011, Hans retired from Boeing. Karen asked him to execute a QDRO for his Boeing pension as required by the 2002 separation decree. When he refused, she moved to enforce the decree. Hans responded with a motion for accord and satisfaction under the 2005 CR2A agreement. He alleged that the parties negotiated, and their CR2A agreement memorialized, a full and final settlement of their rights and liabilities under the 2002 separation decree. He acknowledged that the CR2A agreement did not mention his pension, but argued that it implicitly discharged Karen's 50 percent interest in the pension.

Karen alleged that the agreement simply divided the parties' liquid assets consistent with the 2002 decree and did not alter the 2002 division of Hans' pension. According to Karen, the parties agreed in 2005 that Hans "would pay to her a total of $75,747, to be paid by transferring an IRA into her name and he would write her a check for the balance. With this payment . . . she received 50% of the liquid community assets." She expressly denied cashing out her interest in Hans' pension.

A court commissioner granted Karen's motion to enforce the decree and denied Hans' motion for accord and satisfaction. In his oral ruling, the commissioner stated:

3

Before Ms. Helm has a . . . burden to overcome, a presumption regarding accord and satisfaction, Mr. Helm must establish the elements of accord and satisfaction. In this case, he has not done that. He provides no evidence that the 2005 settlement was intended as a full satisfaction, nor that there was a meeting of the minds between the parties that it was intended as a full satisfaction.

I can accept that it may have been his belief and intention that it was a full satisfaction, but that's not the same as it being a meeting of the minds.

So there is not a burden [on Ms. Helm] to prove by clear and convincing evidence that this presumption of accord and satisfaction is overcome, because we never get to that [issue].

There is nothing in the CR2A agreement that says that Ms. Helm was relinquishing all of the other assets or . . . her right to the pension.

The commissioner's written ruling reiterated these points.

Hans moved for reconsideration. He argued in part that the 2005 CR2A agreement was presumed to settle all existing disputes; therefore, he had no burden to prove that all obligations in the separation/dissolution decree had been satisfied. He also argued for the first time that under the context rule of contract interpretation, the court could consider extrinsic evidence demonstrating that the parties intended for the CR2A agreement to settle all rights and liabilities. Karen responded that Hans' evidence only revealed his unilateral, subjective intent regarding the CR2A agreement and did not demonstrate a meeting of the minds. She also argued that the parties were fiduciaries, and therefore any accord and satisfaction had to be express, not implied. Hans replied that the parties were not fiduciaries because their marriage was factually defunct as of the date of the separation decree. The commissioner denied Hans' motion.

Hans then moved for revision in superior court. He argued in part that Karen's interpretation of the agreement was unreasonable under the

4

circumstances because it resulted in a 60/40 property division, not the previously agreed 50/50 split. In its oral ruling denying revision, the court stated:

> There was a decree of legal separation at that time . . . . Under Exhibit W, it says, "The wife is hereby awarded by way of a qualified domestic relations order a 50 percent interest of the pension in the name of the husband at the Boeing Company . . . ."
>
> . . .
>
> Then Exhibit H, it says, "The husband is awarded 50 percent of pension plans," plural, "retirement plans," plural, "profit sharing, 401(k) plans," plural . . . . So this says the husband was awarded 50 percent. It doesn't say anything more, it doesn't say anything less. And then it says, "Said award is subject to the wife's award of 50 percent of the interest."
>
> Then on May 2nd, 2005, . . . we have an order on motion to convert a decree of legal separation to a decree of dissolution. Under the section of Order, paragraph 3, "It is ordered, the decree of separation entered in this matter on August 29th, 2002, is converted to a decree of dissolution and the marriage is dissolved."
>
> I think that for me, that basically covers it. And I don't see any reason to change the commissioner's bottom-line order. I do believe the respondent in this case has the burden of proving accord and satisfaction and proving full disclosure and everything. I don't think that's been met. . . .
>
> . . . .
>
> But I think that the bottom line is the decree that was embraced by the order of 5/2/05 [converting the separation decree to a dissolution decree] is what settles the case.

The court expressly incorporated its oral ruling into its written ruling, which states:

> 1. The Decree of Legal Separation was entered August 30, 2002 and the Order Converting Decree of Legal Separation to a Decree of Dissolution on May 5, 200[5] incorporated the Decree of Legal Separation.
> 2. The Respondent has the burden of proof to show that the Decree of Legal Separation was changed.
> 3. The CR2A Agreement didn't address a lot of things.
> 4. The court finds it is not unfair for there to be a greater than 50% award and the Order Converting Decree of Legal Separation settles the case.

Hans appeals.

5

## STANDARD OF REVIEW

In an appeal from a decision granting or denying a motion to revise a commissioner's ruling, we review the decision on revision, not the commissioner's ruling. Boeing Emps. Credit Union v. Burns, 167 Wn. App. 265, 270, 272 P.3d 908, review denied, 175 Wn.2d 1008 (2012). The question of whether the parties reached an accord and satisfaction is typically a mixed question of law and fact. Ward v. Richards & Rossano, Inc., 51 Wn. App. 423, 429, 754 P.2d 120, review denied, 111 Wn.2d 1019 (1988). We review questions of law de novo and questions of fact for substantial evidence. In re Guardianship of Knutson, 160 Wn. App. 854, 863, 250 P.3d 1072 (2011).

## DECISION

Hans contends the superior court erred in concluding that he failed to carry his burden of demonstrating an accord and satisfaction. We disagree.

"An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty. Performance of the accord discharges the original duty." RESTATEMENT (SECOND) OF CONTRACTS § 281(1) (1981). The party asserting accord and satisfaction bears the burden of showing a genuine meeting of the minds, i.e., a "genuine compromise, arrived at through mutual agreement, and not compromise fallen into inadvertently." Kibler v. Frank L. Garrett & Sons, Inc., 73 Wn.2d 523, 528-29, 439 P.2d 416 (1968). This entails proving (1) a bona fide dispute; (2) an agreement to settle that dispute, which is the accord; and (3) execution of that agreement, which is the

satisfaction. Eagle Ins. Co. v. Albright, 3 Wn. App. 256, 271, 474 P.2d 920 (1970).

The superior court ruled that Hans failed to carry his burden of proving that the CR2A agreement discharged all obligations under the prior separation agreement. Hans contends the court erred in failing to apply the context rule of contract interpretation in determining whether the CR2A agreement was an accord and satisfaction. Under that rule, extrinsic evidence is admissible to guide contract interpretation if it demonstrates objective manifestations of the parties' intent. Lynott v. Nat'l Union Fire Ins. Co., 123 Wn.2d 678, 682, 871 P.2d 146 (1994). The extrinsic evidence is not admissible to modify or add to the agreement. Max L. Wells Trust by Horning v. Grand Cent. Sauna & Hot Tub Co. of Seattle, 62 Wn. App. 593, 602, 815 P.2d 284 (1991). Rather, the focus is on "the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005).

Hans asserts that extrinsic evidence concerning the 2005 CR2A agreement, including the allegations in his declaration, show that the division of assets and liabilities in the 2002 decree was disputed, that the parties intended to discharge all obligations under the decree, and that they did so through execution of a unilateral contract. He claims the superior court never addressed this contention. While the superior court's rulings do not expressly mention the context rule, it is clear from the transcript of closing arguments and the court's

7

rulings that the court considered the extrinsic evidence and rested its decision, in part, on an objective manifestation of that intent.

The superior court emphasized that immediately after executing the CR2A agreement, the parties entered an order converting their earlier separation decree into a dissolution decree without qualification. As the court noted during closing arguments:

> The court order [converting the separation decree to a decree of dissolution] could have said: The decree of separation entered in this matter as adjusted by A, B, C, D and E is hereby included. Or whatever. But it didn't say that. The only item . . . mentioned is the 8/29/02 decree of separation.

It is well settled that the subsequent conduct of the parties may be an objective manifestation of their intent when they executed their agreement. See Berg v. Hudesman, 115 Wn.2d 657, 667, 801 P.2d 222 (1990). In this case, the order converting the separation decree supported an inference that the parties did not intend to extinguish all obligations under the separation decree.

When a court relies on inferences drawn from extrinsic evidence, interpretation of a contract is a question of fact. Berg, 115 Wn.2d at 667-68. We review such determinations for substantial evidence. Berg, at 668. The order converting the separation decree, together with Karen's declaration, provides substantial evidence supporting the court's decision. To the extent Hans contends the court did not expressly resolve conflicts in the parties' declarations, we observe that the absence of a finding on a disputed issue is considered a finding against the party having the burden of proof, in this case Hans. Wallace Real Estate Inv. Inc. v. Groves, 72 Wn. App. 759, 773 n.9, 868 P.2d 149, aff'd,

8

124 Wn.2d 881, 881 P.2d 1010 (1994); <u>Williams v. Williams</u>, 156 Wn. App. 22, 29, 232 P.3d 573 (2010).

Hans also contends the court applied the incorrect burden of proof. Citing <u>Burrows v. Williams</u>, 52 Wash. 278, 287, 100 P. 340 (1909), Hans claims that once the parties performed under the CR2A settlement agreement, a presumption arose that they had settled *all* disputes, including a dispute as to the Boeing pension. It was then Karen's burden, Hans argues, to rebut the presumption by clear and convincing evidence. But this presumption does not arise until the elements of an accord and satisfaction have been proven. <u>See</u> <u>Paopao v. Dept. of Social & Health Servs.</u>, 145 Wn. App. 40, 46-47, 185 P.3d 640 (2008); <u>Burrows</u>, 52 Wash. at 283-89 (applying presumption after concluding that the parties were engaged in a "general" settlement of their dispute). As discussed above, Hans did not carry his burden of proving an accord and satisfaction. Accordingly, the presumption never arose.

Karen's request for attorney fees on appeal is denied.

Affirmed.

WE CONCUR:

Becker, J.

Cox, J.