[No. 10126-6-III.   Division Three.   November 1, 1990.]

FRANK C. NICHOLS, *Appellant,* v. KAREN G. HANSON, *Respondent.*

---

*Frank C. Nichols,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *William L. Williams, Senior Assistant,* for respondent.

PER CURIAM.—Frank C. Nichols has moved for modification of the clerk's ruling awarding costs to Karen Hanson in the amount of $183.50. The motion is denied.

Mr. Nichols, an employee of the Department of Corrections, commenced a lawsuit for damages against his supervisor, Karen Hanson. Ms. Hanson requested that the Attorney General's office represent her pursuant to RCW 4.92.060.[1] The Attorney General's office granted the request after finding that the acts complained of arose in connection with Ms. Hanson's duties as a state employee. Ms. Hanson successfully obtained a dismissal of Mr. Nichols' complaint in superior court for failure to state a claim. In addition, sanctions were imposed against Mr. Nichols under CR 11. Mr. Nichols appealed and Ms. Hanson successfully moved on the merits to affirm.

---

[1]RCW 4.92.060 provides in relevant part: "Whenever an action or proceeding for damages shall be instituted against any state . . . employee . . . arising from acts or omissions while performing, or in good faith purporting to perform, official duties . . . such . . . employee . . . may request the attorney general to authorize the defense of said action or proceeding at the expense of the state."

A cost bill was filed on Ms. Hanson's behalf and the clerk subsequently awarded costs in the amount of $183.50 to be paid by Mr. Nichols. The clerk ruled that Ms. Hanson was the prevailing party and the only named defendant in the lawsuit. Contrary to Mr. Nichols' contention, Ms. Hanson was more than a nominal party to the appeal. The clerk also ruled that the costs as set forth in the cost bill were reasonable and allowable pursuant to RAP 14.3(a).

■■ The purpose behind an award of costs to prevailing parties on appeal generally is to discourage meritless appeals. *Cf. Puget Sound Bank v. Richardson,* 54 Wn. App. 295, 298, 773 P.2d 429 (1989); *Christie–Lambert Van & Storage Co. v. McLeod,* 39 Wn. App. 298, 302–03, 693 P.2d 161 (1984). An award of fees to be paid by Mr. Nichols is in furtherance of such purpose. Ms. Hanson was the prevailing party. As the only party to the lawsuit, it cannot be said she was a nominal party. There is no dispute that the Attorney General's office actually incurred the costs awarded in defending Ms. Hanson. Whether costs awarded to a prevailing party ultimately go to the Attorney General's office or to the office of a private practitioner is immaterial. Costs were appropriately awarded by the clerk pursuant to RAP 14.2 and 14.3.