[No. 54323-7-I.   Division One.   April 25, 2005.]

DU K. DO ET AL., *Appellants*, v. LAURIE E. FARMER ET AL., *Defendants*, MICHAEL G. GETTY ET AL., *Respondents*.

182

*Christopher M. Davis*, for appellants.

*David J. Bierman* (of *Alexander & Bierman, P.S.*) and *Mistee R. Verhulp*, for respondents.

¶1 BAKER, J. — Following mandatory arbitration, Michael Getty requested a trial de novo but later made a CR 68 offer of judgment which Tran T. Tran and Du K. Do accepted. The resulting judgment did not improve Getty's position from the arbitration. Mandatory Arbitration Rule (MAR) 7.3 provides that a party who requests a trial de novo following mandatory arbitration and does not improve his position must pay reasonable attorney fees. But MAR 7.3 also provides that if that party withdraws his request voluntarily, the fees are discretionary. The trial court did not award MAR 7.3 attorney fees. Because we conclude that a CR 68 offer of judgment does not qualify as a voluntary withdrawal, we reverse and remand to the trial court to award mandatory attorney fees to Tran. On cross-appeal,

we affirm the court's decision not to impose CR 11 sanctions against Tran and/or her attorney.

I

¶2 Tran originally sued Laurie Farmer for damages resulting from a car accident. Tran later added Getty as a defendant after Farmer alleged that Getty had pushed her vehicle into Tran's. The case was transferred to mandatory arbitration and the arbitrator awarded $18,692.72 to Tran to be paid by Getty. The award included $15,000.00 to Tran, $500.00 to Do for loss of consortium, and $3,192.72 to Tran and Do for property damages and towing costs.

¶3 Getty timely filed a request for a trial de novo. Tran then served Getty with an offer of compromise in the amount of $15,000 plus statutory costs, estimated at the time to be $2,004. The record contains no response to this offer.

¶4 Getty served Tran with a CR 68 offer of judgment for $17,004, inclusive of all special damages. Tran accepted the offer. Judgment on acceptance of CR 68 offer of judgment was entered on February 24, 2004. The judgment summary listed the principal amount as $17,004.00, the interest to date as $0, attorney fees as $0, and costs under RCW 4.84.010 as $2,426.36. Tran filed a satisfaction of judgment on April 20, 2004.

¶5 Later, Tran moved for attorney fees against Getty under MAR 7.3 and RCW 7.06.050. The trial court denied the motion.

II

¶6 We review the application of court rules to a particular set of facts as a question of law and thus, de novo.[1]

¶7 Tran argues that the trial court erred by not awarding her attorney fees under MAR 7.3 and RCW 7.06.050.

[1] *Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544 (1999).

MAR 7.3 provides that:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. "Costs" means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.[2]

RCW 7.06.050(1)(b) provides that:

> In any case in which an offer of compromise is not accepted by the appealing party within ten calendar days after service thereof, for purposes of MAR 7.3, the amount of the offer of compromise shall replace the amount of the arbitrator's award for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo.[3]

■ ¶8 Tran argues that Getty did not improve his position, and therefore Tran should receive reasonable attorney fees incurred after the request for a trial de novo. Although an arbitration award was entered for $18,692.72, under RCW 7.06.050(1)(b), the amount of the offer of compromise replaced the amount of the arbitrator's award for the purpose of determining whether Getty failed to improve his position. Tran's offer of compromise was for $15,000 plus $2,004 in costs. The judgment entered was for $17,004.00 as the principal amount and $2,426.36 in costs.

■ ¶9 Getty argues that the parties must actually go through a trial de novo to qualify for a mandatory award of attorney fees. But Getty's reading of MAR 7.3 is too literal, as demonstrated by the rulings in two cases, *Kim v. Pham*[4] and *Brandenberg v. Cloutier*.[5] In *Kim*, we held that attorney fees were mandated even though the "case . . . was [not]

---

[2] MAR 7.3.

[3] RCW 7.06.050(1)(b).

[4] 95 Wn. App 439, 975 P.2d 544 (1999).

[5] 103 Wn. App. 482, 12 P.3d 664 (2000).

adjudicated *on the trial de novo* . . . ."[6] And in *Brandenberg*, the court held that attorney fees were mandated even though "one party secure[d] the dismissal of the other party's request for trial de novo, based on the other party's failure to comply with MAR 7.1(a)."[7] Therefore, attorney fees may be awarded even if a trial de novo has not occurred.

¶10 But those fees are discretionary if a party voluntarily withdraws his request for a trial de novo.[8] In pertinent part, MAR 7.3 provides that "[t]he court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo." The issue here is whether Getty's CR 68 offer of judgment is sufficiently like a voluntary withdrawal to qualify for discretionary attorney fees instead of mandatory ones.

¶11 The facts of two cases illustrate what is *not* a voluntary withdrawal under MAR 7.3. In *Kim*, the defendant filed a request for trial de novo but failed to file written proof of service within 20 days as required by MAR 7.1(a).[9] The court struck the request for trial de novo and awarded mandatory fees.[10] The court decided that fees were mandatory because the party that requested the trial de novo failed to strictly comply with the rules and, as a result, did not improve his position.[11]

¶12 In *Puget Sound Bank v. Richardson*,[12] the defendant lost in arbitration, requested a trial de novo, and then lost on summary judgment before going to trial.[13] The court affirmed the award of attorney fees, noting that a summary

---

[6] *Kim*, 95 Wn. App. at 446.

[7] *Brandenberg*, 103 Wn. App. at 483.

[8] MAR 7.3.

[9] *Kim*, 95 Wn. App. at 442-43.

[10] *Kim*, 95 Wn. App. at 441, 447.

[11] *Kim*, 95 Wn. App. at 446-47.

[12] 54 Wn. App. 295, 773 P.2d 429 (1989).

[13] *Richardson*, 54 Wn. App. at 296.

judgment is indistinguishable from a trial de novo in that both are "judicial examination[s] and determination[s] of legal and factual [or possible factual] issues between parties to an action."[14]

¶13 The decisions in *Kim* and *Richardson* are most easily understood when considered within the context of the purpose of MAR 7.3—"to discourage meritless appeals and to thereby reduce court congestion."[15] MAR 7.3 uses both a stick and a carrot to accomplish its goal. First, the rule threatens mandatory attorney fees for any party who requests a trial de novo but does not improve its position. Next, it offers the party an incentive to withdraw its request, with the possibility of avoiding attorney fees at the discretion of the court. Both the stick and the carrot are directed at the party requesting the trial de novo, attempting to influence its choices in the hope of reducing court congestion. Looking at the facts of *Kim* and *Richardson*, we see that the party that requested the trial de novo was not responsible for ending the proceeding. Fees were thus mandatory, not discretionary.

¶14 Similarly, by making a CR 68 offer of judgment, Getty did not qualify for discretionary, rather than mandatory, fees. Unlike a party that voluntarily withdraws, a party making a CR 68 offer of judgment does not end the court case and, thus, the expenditure of court resources. Instead, the offer of judgment places the responsibility on the party that did *not* request the trial de novo to end the controversy by accepting the offer. Allowing a party who requests a trial de novo to escape mandatory attorney fees merely by making an offer of judgment would not be consistent with the purpose of MAR 7.3.

¶15 Next, Getty argues that Tran waived her right to request an award for attorney fees by not addressing the issue in the entry of judgment or before the satisfaction of judgment was signed and filed. But Tran was required by

[14] *Richardson*, 54 Wn. App. at 299.

[15] *Richardson*, 54 Wn. App. at 298.

RCW 7.06.050(1)(c) to wait until after the judgment to communicate her offer of compromise to the court. The statute provides:

A postarbitration offer of compromise shall not be filed or communicated to the court or the trier of fact until after judgment on the trial de novo, at which time a copy of the offer of compromise shall be filed for purposes of determining whether the party who appealed the arbitrator's award has failed to improve that party's position on the trial de novo, pursuant to MAR 7.3.[16]

Illustrating the importance of complying with this law, we denied a party attorney fees because the party violated RCW 4.84.280 by communicating too early the existence of a settlement offer.[17] RCW 4.84.280 has language similar to RCW 7.06.050.[18] Given the language of RCW 7.06.050 and our enforcement of similar language, it is reasonable that Tran did not raise the issue of the compromise until after the judgment was entered.

█ ¶16 Nor did the content of the judgment end the issue of attorney fees. First, the court did not state that the judgment was inclusive of all attorney fees. Second, although the judgment specified that $0 was included for attorney fees, it referred to the cost bill which, in turn, listed RCW 4.84.010 statutory attorney fees as part of the cost. Getty offers no authority that prohibits a court from awarding reasonable attorney fees in addition to statutory attorney fees awarded as part of costs. To the contrary, in *Tippie v. Delisle*,[19] the court commented that a party could

---

[16] RCW 7.06.050(1)(c).

[17] *See Hanson v. Estell*, 100 Wn. App. 281, 290-91, 997 P.2d 426 (2000) (where the appellate court denied party attorney fees for filing attorney fee request five days before the judgment was entered).

[18] RCW 4.84.280 provides in pertinent part that "[o]ffers of settlement shall not be filed or communicated to the trier of the fact until after judgment," while RCW 7.06.050(1)(c) provides in pertinent part that "[a] postarbitration offer of compromise shall not be filed or communicated to the court or the trier of fact until after judgment on the trial de novo."

[19] 55 Wn. App 417, 777 P.2d 1080 (1989).

be awarded statutory attorney fees as well as CR 68 attorney fees under a provision similar to MAR 7.3.[20]

¶17 Getty next argues that the objective behind filing a satisfaction of judgment is to provide finality for a dispute. It is true that the "finality of judgments is an important value of the legal system."[21] But "circumstances arise where finality must give way to the even more important value that justice be done between the parties."[22] A satisfaction of judgment is merely an acknowledgment that the judgment that was entered has been satisfied. In this case, the judgment that had been entered did not state that it had resolved the matter of attorney fees. Getty offers no authority that required Tran to request MAR 7.3 attorney fees before filing the satisfaction of judgment.

¶18 On cross-appeal, Getty argues that the trial court erred by not imposing CR 11 sanctions on Tran and/or her attorney for filing a frivolous motion. We review a trial court's decision regarding CR 11 for abuse of discretion.[23] "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds or reasons."[24] "The purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system."[25] Given the fact that we are reversing in favor of Tran, her filings and arguments were certainly not baseless. Therefore, we affirm the trial court's decision not to apply CR 11 sanctions.

¶19 Next, Tran argues that because Getty was entirely responsible for any attorney fees incurred after he requested a trial de novo and after he rejected the offer of

---

[20] *Tippie*, 55 Wn. App. at 420-21.

[21] *Suburban Janitorial Servs. v. Clarke Am.*, 72 Wn. App. 302, 313, 863 P.2d 1377 (1993).

[22] *Suburban Janitorial*, 72 Wn. App. at 313.

[23] *Harrington v. Pailthorp*, 67 Wn. App. 901, 910, 841 P.2d 1258 (1992).

[24] *In re Guardianship of Lasky*, 54 Wn. App. 841, 854, 776 P.2d 695 (1989).

[25] *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992) (emphasis omitted).

compromise, he should not be allowed to contest the amount requested. Tran offers no authority to support her argument. Her argument essentially would prohibit all parties who must pay attorney fees from challenging the amount of those fees. Given our Supreme Court's mandate that courts become more active in determining the reasonableness of requested attorney fees,[26] Getty has the right to contest the specifics of Tran's request for fees.

¶20 Both parties request attorney fees on appeal under RAP 18.1. Because "[a] party entitled to attorney fees under MAR 7.3 at the trial court level is also entitled to attorney fees on appeal if the appealing party again fails to improve [his] position," we award Tran attorney fees on appeal.[27]

¶21 Reversed and remanded in part and affirmed in part.

ELLINGTON, A.C.J., and AGID, J., concur.

---

[26] *Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632, 966 P.2d 305 (1998).

[27] *Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995).