[No. 66569-3-I.   Division One.   July 2, 2012.]

BIRHANE JENBERE, *Respondent*, v. CHRISTINA LASSEK ET AL.,
*Appellants.*

*Pamela A. Okano* and *Marilee C. Erickson* (of *Reed McClure*) and *Kelsey M. Russell*, for appellants.

*David S. Blair* (of *The Blair Firm Inc. PS*), for respondent.

¶1 SPEARMAN, A.C.J. — A party making a CR 68 offer of judgment is entitled to define the offer as including attorney fees. Because Birhane Jenbere accepted Christina Lassek's postarbitration offer of judgment, which expressly indicated it was "inclusive of any and all attorney fees and costs," Jenbere was not entitled to attorney fees and costs under Mandatory Arbitration Rule (MAR) 7.3 and RCW 7.06.060. We therefore reverse the award of fees and costs, and remand.

## FACTS

¶2 Birhane Jenbere sued Christina Lassek for damages arising out of a car accident, and the case went to mandatory arbitration. The arbitrator awarded $9,242.22 to Jenbere. Lassek requested a trial de novo. Jenbere made three offers of compromise, the last of which was $4,999.00

Lassek rejected all of them. Then, about two weeks before trial, Lassek made a $5,500.00 offer of judgment under CR 68 as follows:

> COMES NOW Defendant Lassek by and through her attorneys of record, and pursuant to Rule 68 of the Civil Rules for Superior Court in the State of Washington, and pertinent statute, including but not limited to Chapters 4.84.250 through RCW 4.84.300 of the Revised Code of Washington, if applicable, and hereby offers to allow judgment to be taken in the above matter in the amount of **Five Thousand Five Hundred Dollars and 00 cents ($5,500.00)** inclusive of any and all attorney fees and costs, any and all special damages, any and all general damages, and any and all property damages.

Counsel for Jenbere sent an e-mail asking whether the phrase "any and all attorney fees" in the offer of judgment meant only "fees available under [RCW] 4.84.250-[.]300." Counsel for Lassek responded that the offer of judgment covered all fees, not just statutory fees: "[t]hat offer is all inclusive and not just limited to the cited rcw [sic] attorney fees provisions." Jenbere accepted the offer.

¶3 Judgment was entered against Lassek in the principal amount of $5,300 and $200 in statutory attorney fees under RCW 4.84.080 and the parties filed a satisfaction of judgment. Jenbere then moved for attorney fees and costs under MAR 7.3 and RCW 7.06.060. Lassek opposed the motion, arguing that the offer of compromise included all fees and costs, and that the total fee request was not reasonable. The trial court awarded all fees requested by Jenbere, and included the 2.0 multiplier requested by counsel. In all, the judgment for the total of fees and costs was $74,965. Lassek appeals.

## DISCUSSION

■ ¶4 Lassek challenges the trial court order entering judgment for attorney fees under MAR 7.3 and RCW 7.06.060. "In order to reverse an attorney fee award, an

appellate court must find the trial court manifestly abused its discretion." *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007) (citing *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 65, 738 P.2d 665 (1987)). That is, the trial court must have exercised its discretion on untenable grounds or for untenable reasons. An exercise of discretion is based on untenable grounds where a trial court applies an incorrect legal analysis or commits an error of law. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

¶5 Lassek claims the award of attorney fees was erroneous because the offer of judgment, which was accepted by Jenbere, specifically included "any and all" attorney fees. We agree. The CR 68 offer of judgment proposed "to allow judgment to be taken in the above matter in the amount of **Five Thousand Five Hundred Dollars and 00 cents (5,500.00)** inclusive of <u>any and all attorney fees and costs</u> . . . ." (Some emphasis added.) Additionally, counsel for Jenbere asked about this provision prior to accepting, and was told it was "all inclusive" rather than merely covering statutory attorney fees. Clerk's Papers at 53.

¶6 Jenbere responds that the language in MAR 7.3 and RCW 7.06.060 is "mandatory" in that it provides that the superior court "shall" award reasonable attorney fees and costs against a party who appeals an award but fails to improve his or her position in a trial de novo.[1] On this basis, Jenbere claims an award of attorney fees can never be included in a CR 68-based settlement offer if the appealing party did not improve his position in a trial de novo. But nothing in MAR 7.3 or RCW 7.06.060 indicates that parties are prohibited from entering into a settlement, whether via

---

[1] Pursuant to RCW 7.060.050(1)(b), Jenbere's offer of compromise of $4,999 replaced the arbitrator's award as the amount by which it is determined whether a party's position has improved. Since Lassek's $5,500 offer of judgment exceeded Jenbere's offer or compromise, it is undisputed that Lassek failed to improve her position.

CR 68 or some other mechanism, that includes all attorney fees.

¶7 *McGuire v. Bates*, 169 Wn.2d 185, 234 P.3d 205 (2010), is instructive on this issue. Although *McGuire* did not involve MAR 7.3, in that case, the issue was whether the plaintiff, who agreed to settle "all claims," was nevertheless also entitled to prevailing party attorney fees under either RCW 4.84.250-.280 or RCW 18.27.040(6). *McGuire*, 169 Wn.2d at 189 ("The principal question posed to us is whether the offer to settle 'all claims' 'pursuant to RCW 4.84.250-.280' included attorney fees."). RCW 4.84.250, like the MAR fee provision, indicates that fees "shall" be awarded to the prevailing party. The Supreme Court held the plaintiff to the words of the settlement agreement despite the mandatory language in the statute: "the objective manifestations of the parties plainly show that they intended to settle all claims, including attorney fees." *McGuire*, 169 Wn.2d at 191. Here, Jenbere accepted an offer which expressly included "any and all attorney fees and costs." As in *McGuire*, the agreement is binding despite the mandatory language in MAR 7.3.

¶8 Jenbere also claims that in *Du K. Do v. Farmer*, 127 Wn. App. 180, 110 P.3d 840 (2005), we held that a CR 68 offer of judgment "*cannot* reference MAR attorney fees." He is mistaken. In *Do*, we noted that RCW 7.06.050(1)(c) prohibits disclosure to the trial court of an offer of compromise until after entry of judgment and that violation of this provision could result in the denial of a request for otherwise awardable attorney fees. Thus, we concluded that the failure to request attorney fees before entry of judgment, based on the opposing party's failure to improve its position over the offer of compromise, did not constitute a waiver of the right to request attorney fees under RCW 7.06.050. *See Do*, 127 Wn. App. at 187-88. Nowhere in *Do* did we hold attorney fees could not be included as part of a CR 68 offer of judgment. *See also Seaborn Pile Driving Co. v. Glew*, 132 Wn. App. 261, 272, 131 P.3d 910 (2006) (permissible to

include attorney fees as part of CR 68 offer of judgment: "although a CR 68 offer need not be a laundry list of everything that the offer includes, a wise offeror will expressly state that the offer includes attorney fees").

¶9 Jenbere also argues the judgment entered in this case is "controlling" because it "did not say anything about precluding MAR 7.3 fees." Jenbere cites *Do* on this issue, claiming it holds that where the court did not state that the judgment summary is inclusive of all attorney fees, the nonappealing party is entitled to seek fees under MAR 7.3. But again Jenbere misreads *Do.* In that case, the appealing party who failed to improve his position argued that because the judgment summary specified "$0" for attorney fees, the other party was precluded from seeking them. We rejected this argument because we declined to read the judgment summary as a determination by the trial court that the nonappealing party could or could not seek mandatory attorney fees. *See Do*, 127 Wn. App. at 188-89. Likewise in this case, although the judgment summary included $200 for statutory attorney fees, there is nothing in the record to suggest that the court also decided the issue of whether Jenbere could seek attorney fees under MAR 7.3 and RCW 7.06.050. Accordingly, we reject Jenbere's contention that the judgment summary is controlling on this issue, absent some affirmative indication that the matter was specifically addressed by the trial court.

¶10 Finally, Jenbere claims that permitting parties to include MAR attorney fees in settlement agreements undermines the legislative intent behind the MARs. Jenbere cites *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 290, 787 P.2d 946 (1990) for the proposition that exceptions or "escape hatch[es]" to MAR 7.3 fees cannot be created. But *Walji* was procedurally unlike this case. In *Walji*, there was no offer of judgment seeking to settle all attorney fee claims. Rather, in that case, the MAR appellant sought to escape mandatory fees by obtaining a voluntary nonsuit under CR 41(a)(2) after it had already put on its case in the trial de novo.

¶11 Under these circumstances, this court understandably held that such an argument "would undercut the policy of mandatory arbitration by creating an escape hatch for [appellants] who, after having lost at arbitration and requesting a trial de novo, could avoid attorney fees by taking a voluntary nonsuit before resting." *Walji*, 57 Wn. App. at 290. *Walji* is thus of no help to Jenbere. Indeed, on this issue, Jenbere's position that MAR 7.3 attorney fees can never be included in settlement agreements or CR 68 offers of judgment would be at odds with the legislative purpose of the MARs by increasing court congestion.

¶12 In sum, the trial court erred in concluding MAR 7.3 required an award of attorney fees where the language in the offer of judgment included "any and all" attorney fees.

¶13 We reverse the order awarding fees and remand with instructions to vacate the judgment for fees and costs.

ELLINGTON and APPELWICK, JJ., concur.

Review denied at 175 Wn.2d 1028 (2012).